WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Lee Quinn, | No. CV-19-08152-PCT-DGC (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Warden Carla Hacker-Agnew; and Mark Brnovich, Attorney General of the State of Arizona, | |
| Respondents. | |

Petitioner David Quinn is confined in Arizona state prison. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docs. 1, 5. Magistrate Judge Camille Bibles has issued a report recommending that the petition be denied ("R&R"). Doc. 16. Petitioner filed an objection, to which Respondents replied. Docs. 18, 21. For reasons stated below, the Court will accept the R&R and deny the petition.

**I.    Background.**

In June 2010, Defendant was tried in absentia on charges of driving under the influence, reckless endangerment, and criminal damage. Doc. 11-1 at 3-4; *see Arizona v. Quinn*, No. P1300-CR2010-00175 (Yavapai Cty. Super. Ct. 2010) ("the 2010 case"). The jury found him guilty on each charge. Doc. 11-1 at 13-14, 24.

Petitioner was apprehended approximately five years later. *Id.* at 16-17. The State moved for a sentencing hearing in the 2010 case to prove previously alleged felony

convictions. *Id.* at 23-25. The State also charged Petitioner with failure to appear in the 2010 case, alleging one prior felony conviction. *Id.* at 27, 32; *see Arizona v. Quinn*, No. P1300-CR2015-00743 (Yavapai Cty. Super. Ct. 2015) ("the 2015 case").

In October 2015, Petitioner entered into a plea agreement that included an acknowledgment of the jury's guilty verdicts in the 2010 case, an admission of guilt on the failure to appear charge in the 2015 case, and sentencing terms and ranges for each case. Doc. 11-1 at 31-37. The court sentenced Petitioner to a total of 11 years in prison, which was within the sentencing ranges set forth in the plea agreement. *Id.* at 39-43.

Petitioner asserts three claims in his amended habeas petition: (1) his Sixth and Fourteenth Amendment rights were violated when he was improperly sentenced based on prior convictions and aggravating factors not found at trial in the 2010 case, (2) his right to due process of law was violated because the sentencing court used aggravating factors not authorized by A.R.S. § 13-701(D), and (3) his Sixth, Eighth, and Fourteenth Amendment rights were violated when he was charged for driving on a revoked license because he has never had a driver license. Doc. 5 at 6-7. Respondents argue that Petitioner's claims regarding his sentence were waived in the plea agreement, that the sentences were lawful under Arizona law, and that the third claim for relief is procedurally defaulted. Doc. 11 at 8-11.

**II.     Judge Bibles' R&R.**

Regarding the sentencing errors asserted in the first and second claims for relief, Judge Bibles found no error because Petitioner, in the plea agreement, both admitted to a prior conviction and agreed to waive his right to have a jury determine aggravating sentencing factors. Doc. 16 at 13; *see* Doc. 11-1 at 31-37. Judge Bibles further found that the state court's conclusion on the alleged sentencing errors was neither clearly contrary to nor an unreasonable application of federal law. Doc. 16 at 12. Judge Bibles also noted that, to the extent Petitioner's claims rely on an interpretation of Arizona law, the Arizona Court of Appeals' determination that state law was not violated by Petitioner's sentence is binding on the Court absent a showing of fundamental unfairness, which Petitioner has not

shown. *Id.* at 11 (citing cases); *see* Doc. 11-1 at 156-57. Judge Bibles concluded that the third claim for relief was not presented to the state courts and is now procedurally defaulted. Doc. 16 at 13-14.

### III. Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### IV. Petitioner's Objection.

Petitioner presents no specific objection to Judge Bibles' findings and conclusions in the R&R. Doc. 18. Though labeled "Objection of the Magistrate's Recommendation" (*id.* at 1), Petitioner's objection never refers substantively to the R&R. Instead, Petitioner re-urges the claims asserted in his petition – that the sentencing court improperly used prior convictions and other factors to aggravate his sentence. *Id.* at 3-6. But "merely reasserting the grounds of the petition as an objection provides this Court with no guidance as to what portions of the R&R Petitioner considers to be incorrect." *McDowell v. Richardson*, No. CV-11-0716-PHX-DGC, 2012 WL 393462, at *2 (D. Ariz. Feb. 7, 2012).

Under Rule 72, objections must be "specific . . . to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1). An obvious purpose of this requirement is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. *See Thomas*, 474 U.S. at 149. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *see Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL

7019414, at *5 (D. Ariz. Dec. 20, 2019); *Quigg v. Salmonsen*, No. CV 18-77-H-DLC-JTJ, 2019 WL 1244989, at *4 (D. Mont. Mar. 18, 2019).

Petitioner fails to rebut Judge Bibles' conclusions that his sentence was consistent with the terms of the plea agreement, that his state-law sentencing claims are not cognizable in federal habeas proceedings, and that his third claim for relief is procedurally defaulted. Doc. 16, at 10-14; *see* Docs. 18 at 3-6, 21 at 2.  Because Petitioner presents no specific objection to Judge Bibles' review of the sentencing claims and procedural bar analysis, the Court will adopt the R&R without further discussion.  *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas N. Panasewicz v. Carla Hacker-Agnew*, No. CV-19-00401-PHX-ROS, 2020 WL 2615995, at *1 (D. Ariz. May 22, 2020) ("[T]he Court need not conduct . . . a review of any portion of the R&R where there are no objections or where the objections are 'general and non-specific.'"); *Markland v. Ryan*, No. CV-14-02563-PHX-SMM, 2018 WL 1382525, at *1 (D. Ariz. Mar. 19, 2018) ("An ineffective general objection has the same effect as a failure to object.").[1]

Judge Bibles recommends denying a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Doc. 16 at 15; *see* 28 U.S.C. § 2253(c)(2).  Petitioner does not object to this recommendation and has not otherwise shown that "reasonable jurists would find the [Court's] assessment of [his] claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court accordingly will deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

**IT IS ORDERED:**

1. Judge Bibles' R&R (Doc. 16) is **accepted**.
2. Petitioner's amended habeas petition (Doc. 5) is **denied**.

---

[1] Petitioner raises new claims in his objection regarding the sentencing court's alleged failure to advise him on consecutive sentences and ineffective assistance of counsel. Doc. 18 at 5-6. Petitioner "waived these claims by not raising them in his petition." *Bouhdida v. Shinn*, No. CV-19-04792-PHX-DGC (MTM), 2020 WL 2559900, at *3 (D. Ariz. May 20, 2020); *see Williams v. Ryan*, No. CV-18-00349-TUC-RM, 2019 WL 4750235, at *5 (D. Ariz. Sept. 30, 2019) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.") (citation omitted).

3.     A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied**.

4.     The Clerk is directed to **terminate** this action.

Dated this 9th day of November, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge